IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LAOCIA S. BRAVE, | ) | C/A No. 4:07-3457-HMH-TER |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| SOUTH CAROLINA HIGHWAY | ) | |
| DEPARTMENT, AND OFFICER | ) | |
| WALTER PETERS, ET.AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The plaintiff, Laocia S. Brave ("plaintiff/Brave"), a pro se inmate, filed this action on April 2, 2007, in state court alleging various claims for violations of his constitutional rights. The defendants removed this action to this Court on October 18, 2007. (Document #1.) The plaintiff filed an opposition to this removal on December 13, 2007. (Document # 19.)[1]

The defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Further, federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See, e.g.,* Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F.Supp. 1098 (D.S.C. 1990) (collecting cases); and Bellone v. Roxbury Homes, Inc., 748 F.Supp. 434 (W.D.Va. 1990).

---

[1] The undersigned notes that the plaintiff has also filed a motion to amend his complaint to conform to federal law if his motion to remand is denied. (Document # 28.)

As noted above, on December 13, 2007, the plaintiff filed objections to the notice of removal. Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). " However even if a plaintiff fails to object to a notice of removal within thirty days after the notice of removal is filed, a federal district court must still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction. *See* Jackson v. Alleghany County, 2008 WL 467359 (W.D.Va. 2008)

A review of the record reveals that the plaintiff is a state inmate currently incarcerated at the MacDougall Correctional Institution in Ridgeville, South Carolina. The plaintiff alleges that he was stopped without probable cause on a traffic violation and as a result drugs were discovered resulting in a conviction for trafficking crack cocaine. His conviction was vacated on appeal. (Compl. at 2.)[2]

The defendants removed this action stating the plaintiff's complaint alleged claims pursuant to 42 U.S.C. § 1983. The plaintiff, however, has specifically stated he is not seeking to invoke 42 U.S.C. § 1983. (Pl.'s Mem. Opp. Removal at 1.) The plaintiff states that he wishes to pursue his claims pursuant to state laws. (*Id.*)

A federal court is not bound by the parties' characterization of a case or its appropriate parties." Lyon v. Centimark Corporation, 805 F.Supp. 333 (E.D.N.C.1992). "A prisoner has a right to sue for tort damages in state court without bringing the United States Constitution into play." Cruel v. County of Grenville, 2007 WL 2351027 *3 (D.C.S.C. 2007). In Cruel, United States District Court Judge Henry Herlong adopted the Magistrate's report and recommendation in a similar

---

[2]The charges were subsequently nolle processed. (Defs.' Mem. Supp. Summ. J. Mot. at 14 and Ex. A - Modica's Aff. ¶ 14.)

case. The plaintiff brought an action in state court alleging the defendants had violated state law and the state constitution through "state agency action of search and seizure, arrest, detention . . ." *Id*. As noted in Cruel, "the common law torts of malicious prosecution and false arrest are decidedly state based claim." Cruel, 2007 WL 2351027 *3.  Further, the court noted that it would be inequitable to hold a pro se litigant to a pleading rule, given the liberal standard of review that is required of pro se pleadings. Gordon v. Leeke, 574 F.2d 1147 (4th Cir.1978); Hughes v. Rowe, 449 U.S. 5 (1980); Cruz v. Beto, 405 U.S. 319 (1972); and Fine v. City of N. Y., 529 F.2d 70, 74 (2nd Cir.1975).

  Here, the plaintiff specifically makes references to South Carolina State law and generally to his constitutional rights being violated when the defendants allegedly stopped and detained him without probable cause. (Compl. at 2.)  The plaintiff specifically states that his action is based only on state law.  On the face of the complaint, the plaintiff does not assert any claims pursuant to § 1983 and the plaintiff clarifies that he is not bringing any federal cause of action, including one under §1983.  If there are doubts, remand is required pursuant to 28 U.S.C. § 1447(c). *Accord* Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").  Further, case law suggests that when a plaintiff's pro se status and inartful and ambiguous pleading contains only passing reference to the U.S. Constitution and federal law that remand is appropriate. *See* McBrearty v. Kentucky Comty., Tech. College Sys., 2006 WL 2583375 (E.D.Ky. Sept.7, 2006) and Corre v. Steltenkamp, 2006 WL 2385352 (E.D.Ky. Aug.16, 2006). Consequently, this Court is without "federal question" jurisdiction.  In addition, since the parties are not diverse this

Court has no subject matter jurisdiction over the plaintiff's claims. Accordingly, based on the foregoing, the undersigned concludes that this case should be remanded to state court.

As noted above, from the face of his complaint, the plaintiff does not assert any claims pursuant to § 1983 and the plaintiff clarifies that he is not bringing any federal cause of action, including one under §1983. **If this is incorrect, plaintiff should file objections to this report and recommendation as set forth on the next page.**[3]

## CONCLUSION

Based on the foregoing, it is recommended that this matter be remanded to the Court of Common Pleas for Georgetown County.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 17, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] Plaintiff's representations could have preclusive effects against asserting any federal causes of action in this case.